VIRGINIA:

### IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

MICHAEL B. PHILLIPS                                           PLAINTIFF,

v.                                              CASE NO. _____

TERRY L. DUNN
2047 S. Ridgeway Road
Wichita, KS 67218
Serve: Commissioner, Virginia Department of Motor Vehicles
      2300 West Broad Street
      Richmond, VA

COVAN WORLD-WIDE MOVING, INC.
Serve: Jeffrey F. Coleman, Registered Agent
      15381 Farm Creek Drive
      Woodbridge, VA  22194-4408                    DEFENDANTS.

### COMPLAINT

1.      On or about September 21, 2018, Plaintiff was operating a motor vehicle traveling in an easterly direction on I-264 at or near mile marker 5.40 in Portsmouth, Virginia.

2.      At that time and place, Plaintiff's vehicle was traveling behind a motor vehicle operated by Bautista Hernandez.

3.      At that time and place, Defendant Dunn was operating a tractor trailer traveling in an easterly direction on I-264, behind Plaintiff's vehicle.

4.      At that time and place, the tractor trailer crashed into the rear of Plaintiff's vehicle, causing it to crash into the Hernandez motor vehicle.

5.      At that time and place, Defendant Dunn owed various duties of care, including, but not limited to, a duty to use ordinary care to keep a proper lookout, a duty to keep the tractor trailer under proper control, a duty to operate the tractor trailer at a reasonable speed under the



existing conditions, and not to follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and conditions of, the highway at the time.

     6.    Defendant Dunn breached the duties of care owed Plaintiff.

     7.    The above-described collision was caused by carelessness, recklessness and negligence in the operation of the motor vehicle by Defendant Dunn.

     8.    At all times relevant, Defendant Dunn was an agent, servant, and/or employee of Defendant Covan World-Wide Moving, Inc. ("Covan") acting in the course and scope of his employment.

     9.    Defendant Covan is liable to Plaintiff for the negligence of Defendant Dunn under the doctrine of respondeat superior.

     10.    As a proximate result of the above-described collision, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has been and will in the future be deprived of earnings and earning capacity.

     WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus pre-judgment and post-judgment interest and costs.

     Trial by jury is demanded.

MICHAEL B. PHILLIPS

BY: _____

R. Christopher Jones
VSB No. 48433
Bridget N. Long
VSB No. 42963
Allen, Allen, Allen & Allen
106 S. Market Street
Petersburg, VA  23803
(804) 733-8753
(804) 733-8767 (facsimile)
Christopher.Jones@allenandallen.com
Bridget.long@allenandallen.com

Attorneys for Plaintiff

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

MICHAEL B. PHILLIPS

PLAINTIFF,

v.                                                      CASE NO. _____

TERRY L. DUNN
2047 S. Ridgeway Road
Wichita, KS 67218
Serve:  Commissioner, Virginia Department of Motor Vehicles
      2300 West Broad Street
      Richmond, VA

COVAN WORLD-WIDE MOVING, INC.
Serve: Jeffrey F. Coleman, Registered Agent
      15381 Farm Creek Drive
      Woodbridge, VA  22194-4408                        DEFENDANTS.

## PLAINTIFF'S INTERROGATORIES TO
## DEFENDANT COVAN WORLD-WIDE MOVING, INC.

Plaintiff, by counsel, pursuant to the Rule 4:8 of the Supreme Court of Virginia,

propounds the following Interrogatories to defendant to be answered fully, in writing under oath,

within twenty-eight (28) days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

a.      Each of the Interrogatories is deemed to be continuing in nature.  In the event that

at any later date or time you obtain any additional facts, obtain or make any assumptions, or

reach any conclusions, opinions or contentions that are different from or in addition to those set

forth in the answers to Interrogatories in accordance with the request, plaintiff demands

defendant to amend the answers to the Interrogatories promptly and sufficiently to set forth fully

such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of Supreme Court of Virginia.

b.    The word "document or things" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

c.    The words "identify" or "identity," when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the collision alleged in the Complaint.   When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian.   If any document being identified is no longer within your possession or under your control, please state what happened to it.

d.    Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

e.    Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his attorneys.

f.    The terms "describe," "detail" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity.   Where you are asked to describe a

document or thing, please respond with such particularity so that your description would be sufficient for a Motion to Produce.

       g.    The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendants.

       h.    Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

       i.    The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

<u>INTERROGATORIES</u>

1.     Identify all persons, including name, employer, job title, home address, and telephone number, who participated in preparation of or provided information and/or documents relative to your responses to any Interrogatories and Requests for Production issued in this case.

<u>ANSWER</u>:

2.     State the full name of the defendant corporation or entity, the state  of incorporation, if any, all trade names, if any, and give name and address of each registered agent (if corporation), general partners (if partnership) or officers (if an unincorporated association).

<u>ANSWER</u>:

3.     Identify all insurance policies, MCS-90 endorsements, or self-insured plans (primary, excess, or otherwise) that provide liability coverage for the tractor-trailer involved in the occurrence, including separate policies covering the tractor and/or trailer, or for any individual operating the tractor-trailer.

    (a)     For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and property damage, and whether question or doubt exists as to your rights under the policy (reservation of rights asserted, non-waiver agreement, etc.).

    (b)     If there is any question or doubt as to whether any of the identified policies of insurance cover this occurrence state the basis for denying or questioning the coverage that might otherwise be afforded.

<u>ANSWER</u>:

4.     State whether you qualified as an interstate motor carrier under the Federal Motor Carrier Safety Regulations, the total number of tractor-trailer units owned by you, the total number of tractor-trailer units in operation with you, the total number of tractor-trailer drivers employed by you, and the total number of independent contractor tractor-trailer drivers retained by you on the date of the occurrence.

ANSWER:


5.     Identify the individual who was operating or using the tractor-trailer at the time of the occurrence, stating whether that individual is or was an employee of yours, independent contractor, or had some other contractual relationship with you, and state whether that individual was operating the tractor-trailer in the course and scope of employment with you or through contractual obligation at the time of the occurrence.

ANSWER:


6.     Identify the name, address, position, title, and duties of each person in the chain of authority superior to the individual identified in answer to Interrogatory No. 5 at the time of the occurrence, starting with the immediate supervisor.

ANSWER:


7.     Identify the name, address, position, and title of all individuals employed by your company who discussed the occurrence with the individual identified in response to Interrogatory No. 5 following the occurrence.

ANSWER:

5

8.     State whether you have knowledge of any traffic violations committed by the individual identified in answer to Interrogatory No. 5 either during or prior to employment with you, and if so, state when you obtained such knowledge, and state all such information you know in that regard.

ANSWER:

9.     State whether your company had a safety program at the time of the occurrence, including whether it had a Safety Director, accident review committee, driver review committee, or similar body to review driver incidents for purposes of discipline and safety compliance, and if so, identify each individual serving in such roles by name and full title, also noting whether such person or committee reviewed the occurrence that is the subject of this action including in your answer its findings, deliberations, and conclusions.

ANSWER:

10.    State whether the individual identified in answer to Interrogatory No. 5 has ever violated any rule, regulation, or requirement promulgated by you on your employees related to motor carrier safety, and if so, state when you obtained such knowledge, and state all such information you know in that regard.

ANSWER:

11.    With regard to the tractor-trailer involved in the occurrence, identify the owner, date it came into its owner's possession, identities of all drivers authorized to operate it, and describe its complete configuration, including, but not limited to the following:

     a.    Age, make and model of the tractor trailer;

     b.    Weight of the tractor and trailer, empty of cargo;

     c.    Description and weight of the cargo on the trailer at the time of the occurrence;

     d.    Length, width, and height of the tractor and of the trailer;

     e.    Height of the driver's seat above ground level;

     f.    Safety features, including cameras, mirrors, lights, collision-avoidance technology, etc.; and

     g.    Identification of all radios, CB radios, dispatch systems, televisions, monitors, computers, and GPS systems on board.

ANSWER:

12.    State whether the tractor-trailer involved in the occurrence was equipped with any type of on-board recording device, including "black box," GPS systems, tracking systems, communications systems, VORAD systems, or satellite location device, and if so, state:

    a.  Type of device by manufacturer, make, and model;

    b.  Nature of information is recorded by the device;

    c.  Information recorded in the time between the hour prior the collision through the hour following the collision;

    d.  Whether a recording or data regarding the occurrence was preserved from the on-board recording device;

    e.  Name, address, and telephone number of each person or entity having possession or custody of the device;

    f.  Name, address, and telephone number of each person or entity having possession or custody of any recording or data saved from the device;

    g.  Name, address, and telephone number of each person or entity who downloaded, accessed, viewed, inspected, or reviewed the recording or data on the device; and

    h.  Each date and time that any recording or data was downloaded, accessed, viewed, inspected, or reviewed on each device.

ANSWER:

13.   Describe fully and completely how the occurrence happened, stating in your answer all events relating thereto in sequential order, including in your description, where the individual identified in answer to Interrogatory No. 5 was coming from and going to, the purpose of the trip, and how long that individual had been driving prior to the happening of the occurrence.

ANSWER:


14.   State whether the individual identified in answer to Interrogatory No. 5 made any statements or prepared any reports, whether written or oral, prior to retention of defense counsel, which relate to any of the issues involved in the present action, and, if so, state:

     a.   The date and time it was made;

     b.   Place it was made;

     c.   Name, address, telephone number, occupation, and relationship to you of the person to whom the statement or report was made or delivered;

     d.   Substance of the statement or report.

ANSWER:

15.    Identify each and every eyewitness to the occurrence and all persons who saw, heard, or otherwise know about, either personally and/or by their investigation, the facts complained of in this action including damages;  and, in addition,

    a.    Describe the location of each such witness at the time he saw, heard, or learned about the occurrence and/or damages;

    b.    State in detail to the best of your knowledge all information and/or facts pertaining to the occurrence and/or damages known to each such witness;

    c.    State whether you, your attorneys or agents, have taken a statement, whether oral or written, regarding the facts or matters which relate to the present action, and, if so, state the date on which said statement was taken, by whom, and who has current custody of such statement.

ANSWER:


16.    Describe all photographs, motion pictures, video tapes and/or other diagrams or descriptions of the location of the occurrence, of the parties, or of the vehicles involved in the occurrence which are in your possession, to which you have access or of which you have knowledge. Identify each such item describing its subject matter, date or dates upon which they were taken, by whom taken and the identity of the person who now has custody or possession thereof.

ANSWER:

17.    State whether plaintiff or any occupants of plaintiff's vehicle made any statements, written or oral, recorded any interviews, executed any documents and/or conducted any conversations concerning the occurrence, this action, or its subject matter (including statements taken, written, prepared, obtained and/or overheard by defendant and/or by agents, servants and/or employees of defendant's liability insurance carrier). Identify all such statements, conversations, interviews, and documents and their custodian and identify each person to whom such statements were made or in whose presence they were made. Recite the statements below.

ANSWER:

18.    State each and every fact on which you rely to support your denial of any allegation contained in plaintiff's Complaint and to support any and all affirmative defenses set forth in your Answer, stating which facts relate to each asserted affirmative defense.

ANSWER:

19.    Identify all persons you intend to call as expert witnesses at trial, and state their qualifications, training and experience (in the alternative, please attach a current curriculum vitae); the subject matter on which each such expert witness is expected to testify; and the substance of the facts and opinions to which each such expert witness is expected to testify and a summary of the grounds for each opinion.

ANSWER:

20.     If you contend that any or all of the injuries claimed by the plaintiff are not causally related to the occurrence, describe, in detail, the basis of this contention, and identify all facts and documents (including medical records, workers' compensation records, social security records, life insurance policy records, disability insurance records, etc.) which support this contention, which specific injuries you contend are unrelated and the specific event, if any, you contend brought about any unrelated injuries.

ANSWER:


21.     If you contend that any of the medical bills incurred by the plaintiff subsequent to the occurrence and claimed herein as damages are not authentic, were not reasonably incurred, are not reasonable in amount, were not medically necessary, or were not rendered necessary by a medical condition proximately resulting from the occurrence (all as set forth in the case of McMunn v. Tatum, 237 Va. 558 (1989)), please describe in complete detail the basis for this contention, identify all persons having knowledge of any facts which support such contention, and identify all documents which in any way support such contention.

ANSWER:


22.     If you or anyone acting in your behalf has performed, ordered, coordinated, or has knowledge of any observations or surveillance of the plaintiff since the occurrence, please provide the date of such, the nature of such, the activities observed, and the name, business and home address and telephone number of the persons conducting, coordinating and/or having knowledge of such.

ANSWER:

MICHAEL B. PHILLIPS


BY:

_____
R. Christopher Jones
VSB No. 48433
Bridget N. Long
VSB No. 42963
Allen, Allen, Allen & Allen
106 S. Market Street
Petersburg, VA  23803
(804) 733-8753
(804) 733-8767 (facsimile)
Christopher.Jones@allenandallen.com
Bridget.long@allenandallen.com

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

MICHAEL B. PHILLIPS

PLAINTIFF,

v.                                              CASE NO. _____

TERRY L. DUNN
2047 S. Ridgeway Road
Wichita, KS 67218
Serve:  Commissioner, Virginia Department of Motor Vehicles
         2300 West Broad Street
         Richmond, VA

COVAN WORLD-WIDE MOVING, INC.
Serve: Jeffrey F. Coleman, Registered Agent
        15381 Farm Creek Drive
        Woodbridge, VA  22194-4408                    DEFENDANTS.

### PLAINTIFF'S REQUESTS FOR PRODUCTION
### OF DOCUMENTS AND THINGS TO
### DEFENDANT COVAN WORLD-WIDE MOVING, INC.

Plaintiff by counsel, pursuant to the Rule 4:9 of the Supreme Court of Virginia, propounds the following Requests for Production of Documents and Things to the defendant to have responses delivered to the offices of plaintiff's counsel within twenty-eight (28) days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

a.      Each of these Requests is deemed to be continuing in nature.  In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth

14

in the response to the Requests, in accordance with the request, plaintiff demands defendant to supplement the response to the Requests promptly and sufficiently to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of the Supreme Court of Virginia.

b.      The word "document or thing" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

c.      The words "identify" or "identity," when used in reference to a person, means that you are asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the collision alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" means that you are asked to state the type of document, its date and author and its present location or custodian.  If any document being identified is no longer within your possession or under your control, please state what happened to it.

d.      The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

e.      The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendants.

15

f.      Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

## REQUESTS FOR PRODUCTION

1.      Any and all statements taken from any eyewitness to this occurrence, including from the individual identified in response to Interrogatory No. 5.

RESPONSE:


2.      Any and all statements taken from any person (not an eyewitness) having any knowledge of the events leading up to or concerning the occurrence and/or damages claimed by plaintiff.

RESPONSE:


3.      Any and all statements taken from the plaintiff.

RESPONSE:


4.      Any pictures, imaging, or video depicting the vehicles involved in this occurrence.

RESPONSE:


5.      Any pictures, imaging, or video depicting the plaintiff, defendant driver, or other witnesses who were at the scene.

RESPONSE:


6.      Any pictures, imaging, or video depicting the scene involved in this occurrence.

RESPONSE:

7.   ·  Any and all repair bills or estimates of repair concerning the damages caused to any of the vehicles involved in the occurrence.

RESPONSE:


8.   Any and all sketches, diagrams, plans, plats, drawings, maps, or schematics concerning the occurrence scene or in any way relating to this occurrence.

RESPONSE:


9.   A copy of the Police Crash Report pertaining to the occurrence as well as any other documents relating to official investigation of the occurrence.

RESPONSE:


10.   A copy of any National Transportation Safety Board investigative reports pertaining to the occurrence.

RESPONSE:


11.   Any documents or recordings related to your internal investigation of the occurrence, including any incident reports, statements, interviews, audio or video recordings, or any other documents created in the preparation of such incident reports.

RESPONSE:

12.    All documents or messages, whether electronic, paper, email, texting, or otherwise, created in the forty-eight (48) hours immediately after the occurrence, by and between the individual identified in answer to Interrogatory No. 5 and any of your agents, servants, or employees, or any third-parties relating to the facts, circumstances, or actual investigation of the occurrence.

RESPONSE:


13.    A copy of all insurance policies and endorsements (including declaration sheets) providing coverage for this claim and referenced in answer to Interrogatory No. 3.

RESPONSE:


14.    All documents obtained by subpoena *duces tecum*, any other means of discovery, or by use of a Freedom of Information Act request.

RESPONSE:


15.    All documents, records, recordings, pictures, or video of any nature pertaining to any surveillance or observations of the plaintiff and referenced in Interrogatory No. 22.

RESPONSE:


16.    Any and all documents or things which you expect to introduce at trial.

RESPONSE:

17.     Any and all documents identified or relied upon in answers to Plaintiff's First Interrogatories.

RESPONSE:


18.     Any and all files and documents pertaining to the employment of the individual identified in answer to Interrogatory No. 5 as of the date of the occurrence, including, but not limited to, any and all written or recorded matter relating to the following:

    a.     Personnel records;

    b.     Applications for employment;

    c.     Licenses, commercial licenses, and endorsements;

    d.     Qualification files required under 49 C.F.R. 391.51;

    e.     Record of any driving test(s) (49 C.F.R. 391.31(e));

    f.     Record of any written tests(s);

    g.     Records of any citations for traffic violations (49 C.F.R. 391.25);

    h.     Records of motor vehicle collisions during or prior to his employment with you;

    i.     Records related to complaints and/or disciplinary actions considered or taken;

    j.     Contracts of employment or employment agreements;

    k.     Employment performance evaluation records;

    l.     Records of any state or federal motor carrier violations during or prior to his employment with you;

    m.     U.S. Department of Transportation Driver Physicals; and

    n.     Background check documentation;

RESPONSE:

19.   Any and all documents added to the personnel file described in Request No. 18 on or after the date of the occurrence, to the present, as currently maintained by you.   Produce separately and apart from the documents requested from Request No. 18 herein.

RESPONSE:


20.   Any organizational chart which shows the titles, chain of command, and reporting pathways for your corporate management and support personnel.

RESPONSE:


21.   All company guidelines, rules, regulations, or manuals covering truck safety, maintenance, fleet safety programs, driver's standards, job performance, discipline, pick-up and delivery, or employee training provided to your drivers in effect at the time of the occurrence.

RESPONSE:


22.   All company guidelines, rules, regulations, or manuals covering truck safety, maintenance, fleet safety programs, driver's standards, job performance, discipline, pick-up and delivery, or employee training ever shown, provided to, or used by the individual identified in answer to Interrogatory No. 5, before the date of the occurrence.

RESPONSE:

23.   All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown to, provided to, or used by the individual identified in answer to Interrogatory No. 5 from or by any source including, but not limited to, any trucking schools or employers.

RESPONSE:


24.   Any and all written instructions, manuals, or examples you provided to drivers in reference to completion of trip reports, driver's daily logs or time records, or other documents relating to a trip made or load transported by a driver in effect at the time of the occurrence.

RESPONSE:


25.   Any and all documents relating to disciplinary policies or procedures for infractions of any policy, rule, regulation related to the timing of delivery or late delivery.

RESPONSE:


26.   Produce all log books, pre-trip vehicle inspection reports, trip reports, individual vehicle mileage records, dispatch records, bills of lading, trip envelopes, toll receipts, meal receipts, hotel receipts, weight scale receipts, and records of duty status required by 49 C.F.R. 395.8 regarding the tractor-trailer involved in the occurrence and regarding the individual identified in answer to Interrogatory No. 5 from fifteen (15) days prior to the occurrence through the day of the occurrence.

RESPONSE:

27.    All driver's daily logs and 70-hour summaries created by the individual identified in answer to Interrogatory No. 5 from one (1) year prior to the collision to the present created in accordance with Federal Motor Carrier Safety Regulations Part 395.

RESPONSE:


28.    All administrative driver's logs or driving time and work time audits, investigations, or 70-hour log or time summaries, performed or created by you in reference to the logs submitted by the individual identified in answer to Interrogator No. 5.

RESPONSE:


29.    Copies of all Hazardous Materials Permits, Hazardous Waste Permits, any other special use permits, and Hazardous Materials Material Safety Data Sheets applicable to the tractor-trailer involved in the collision.

RESPONSE:


30.    All documents, letters to and from, terminal inspections, compliance reviews, civil forfeiture or federal court action documents in reference to violations of the Federal Motor Carrier Safety Regulations or any State Motor Carrier Safety Regulations by you and by the individual identified in answer to Interrogatory No. 5.

RESPONSE:

31.     All reports, correspondence, recommendations, and records related to safety audits or compliance reviews performed by the Department of Transportation or its agents on you from ten (10) years prior to the date of the occurrence to the present.

RESPONSE:


32.     Owner's manual for the tractor-trailer involved in the collision.

RESPONSE:


33.     Any pre-trip inspection report completed for the trip that ended with the occurrence.

RESPONSE:


34.     All routine maintenance files, maintenance reports, repair orders, inspection reports, and repair invoices, and daily condition reports submitted by the individual identified in answer to Interrogatory No. 5 regarding the tractor-trailer involved in the occurrence for the period of one (1) year prior to the occurrence.

RESPONSE:


35.     Any onboard recording devices, "black boxes," electronic control modules, GPS systems, tracking systems, VORAD systems, or other device designed to collect data regarding operation of the tractor-trailer involved in the occurrence for data extraction, download, and evaluation.

RESPONSE:


24

36.    Full and complete copy of all records, videos, data or other information generated, extracted, or downloaded from any on-board recording devices, "black boxes," electronic control modules, GPS systems, tracking systems, communications systems, VORAD systems, or other device designed to collect data regarding operation of the tractor-trailer involved in the occurrence.

RESPONSE:

37.    All documents concerning any convictions or suspensions for violating local, state, or federal laws or regulations relating to motor vehicle operation or motor carrier safety for the individual identified in answer to Interrogatory No. 5.

RESPONSE:

38.    All documents regarding the results of any pre-employment, random, for-cause, or post-occurrence drug or alcohol test administered to the individual identified in answer to Interrogatory No. 5.

RESPONSE:

39.    All driver vehicle inspection reports prepared in accordance with 49 C.F.R. 396.11 for the tractor-trailer involved in the occurrence for the thirty (30) days prior to the occurrence.

RESPONSE:

40.     Any reports, minutes, logs, or records from any meeting of the Safety Committee, Accident Review Committee, Safety Director, or similar body within your company for the three (3) years prior to the date of the occurrence, and for the occurrence that is the subject of this action.

RESPONSE:


41.     The tractor-trailer involved in the occurrence for inspection.

RESPONSE:


                              MICHAEL B. PHILLIPS



                      BY: _____
                              R. Christopher Jones
                              VSB No. 48433
                              Bridget N. Long
                              VSB No. 42963
                              Allen, Allen, Allen & Allen
                              106 S. Market Street
                              Petersburg, VA  23803
                              (804) 733-8753
                              (804) 733-8767 (facsimile)
                              Christopher.Jones@allenandallen.com
                              Bridget.long@allenandallen.com

                              Attorneys for Plaintiff

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

MICHAEL B. PHILLIPS

PLAINTIFF,

v.                                                      CASE NO. _____

TERRY L. DUNN
2047 S. Ridgeway Road
Wichita, KS 67218
Serve: Commissioner, Virginia Department of Motor Vehicles
        2300 West Broad Street
        Richmond, VA

COVAN WORLD-WIDE MOVING, INC.
Serve: Jeffrey F. Coleman, Registered Agent
        15381 Farm Creek Drive
        Woodbridge, VA 22194-4408                        DEFENDANTS.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT DUNN

Plaintiff, by counsel, pursuant to the Rule 4:8 of the Supreme Court of Virginia, propounds the following Interrogatories to defendant Dunn to be answered fully, in writing under oath, within twenty-eight (28) days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

a.      Each of the Interrogatories is deemed to be continuing in nature.  In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the answers to Interrogatories in accordance with the request, plaintiff demands defendant to amend the answers to the Interrogatories promptly and sufficiently to set forth fully

such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of Supreme Court of Virginia.

      b.     The word "document or things" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

      c.     The words "identify" or "identity," when used in reference to a person, means that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the collision alleged in the Complaint.  When used in reference to a document, the words "identify" or "identity" means that you are being asked to state the type of document, its date and author and its present location or custodian.  If any document being identified is no longer within your possession or under your control, please state what happened to it.

      d.     Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

      e.     Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his attorneys.

      f.     The terms "describe," "detail" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity.  Where you are asked to describe a

document or thing, please respond with such particularity so that your description would be sufficient for a Motion to Produce.

        g.      The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendants.

        h.      Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

        i.      The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

## INTERROGATORIES

1.    State your full name, date of birth, address, employer and employment position, at the time of the occurrence and currently, employment addresses, social security number, cell phone number and service provider, and marital status.

ANSWER:


2.    Identify all insurance policies, MCS-90 endorsements, or self-insured plans (primary, excess, or otherwise) that provide liability coverage for you and/or the tractor-trailer involved in the occurrence.

(a)    For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and property damage, and whether question or doubt exists as to your rights under the policy (reservation of rights asserted, non-waiver agreement, etc.).

(b)    If there is any question or doubt as to whether any of the identified policies of insurance cover this occurrence state the basis for denying or questioning the coverage that might otherwise be afforded.

ANSWER:


3.    Identify your current employer, your employer at the time of the occurrence, and your employers for the ten (10) years preceding the date of the occurrence, including the circumstances and reasons for your departure from each employer.

ANSWER:

4.     State whether you were involved in the business of your employer and were acting within the course and/or scope of your employment at the time of the occurrence.

ANSWER:

5.     State all traffic violations you have been convicted of in the ten (10) years prior to the collision, where such convictions were obtained, and whether your employer at the time of the occurrence was aware of such previous convictions.

ANSWER:

6.     State whether you possessed one or more driver's licenses, commercial driver's licenses, or other operator's licenses, at the time of the occurrence, including when such licenses were issued, where such licenses where issued, any restrictions to such licenses, and any endorsements to such licenses, including double/triple trailers endorsements, passenger endorsement, tank vehicle endorsement, hazardous materials endorsement, etc.

ANSWER:

7.     Describe fully and completely how the occurrence happened, stating in your answer all events relating thereto in sequential order.

ANSWER:

8.     State where you were coming from, your intended destination, the purpose of your trip, the number of hours you had been driving prior to the happening of the occurrence, noting when

you took any breaks, where did you take breaks, and for how long, and the number of hours you had driven in the seven (7) days prior to the date of the occurrence.

ANSWER:


9.    Identify each and every eyewitness to the occurrence and all persons who saw, heard, or otherwise know about, either personally and/or by their investigation, the facts complained of in this action and/or damages claimed by plaintiff;  and, in addition,

a.    Describe the location of each such witness at the time he saw, heard, or learned about the occurrence and/or damages.

b.    State in detail to the best of your knowledge all information and/or facts pertaining to the occurrence and/or damages known to each such witness.

ANSWER:


10.    Identify and describe any statements, whether oral or written, made by anyone, including plaintiff and/or any occupants of the plaintiff's vehicle, to you regarding the happening of the occurrence, being sure to identify each person who made or gave any such statements, who was present when the statement was made, the date of each such statement, the name and address of each person knowing, having possession of or custody of each such statement, and the substance and content, as best you recall of each such statement.

ANSWER:


11.    If you contend that any other person, business, corporation, entity or vehicle was at fault in causing or contributing to cause the occurrence, identify each such person, business, corporation, entity and/or vehicle and give all facts on which you intend to rely to prove such

other person, business, corporation, entity and/or vehicle was involved, describing fully how each such person, business, corporation, entity, or vehicle in any way caused or contributed to cause the occurrence.

ANSWER:


12.    If you made or gave any statement, whether oral or written, to anyone regarding the happening of the occurrence, identify each person to whom you made or gave any such statements, the date of each such statement, the name and address of each person knowing, having possession of or custody of each such statement, and the substance and content, as best you recall of each such statement.

ANSWER:


13.    State whether you were charged with a violation of any ordinance, regulation or statute in connection with this occurrence, and if so, identify the nature of the charge or violation, identify who brought the charge or imposed the violation, and state whether you pleaded guilty, forfeited collateral, or pleaded not guilty to each such charge or whether you accepted or contested each such violation.  If applicable, also identify the stenographer and/or stenographic service which transcribed or recorded any trial, hearing, administrative proceeding, or court proceeding held in conjunction with this occurrence.

ANSWER:


14.    State whether you consumed, injected, or otherwise used any alcohol of any type, sedative, tranquilizer, or any other prescription, non-prescription, or illegal drug during the twenty-four (24) hours immediately preceding the occurrence or within one hour immediately

7

following the occurrence, also identifying all such alcohol or drugs used, where you used all such items, when you began using such items, when you finished using such items, the name and address of each person that was present at the time each such items were used by you, as well as the method, number, quantity, and amount of any such items you used.

ANSWER:

15.    State whether you were injured in the occurrence, including the nature of your injuries, and identify whether you received medical attention in the seventy-two (72) hours following the collision, identifying by name and address the medical providers who treated you.

ANSWER:

16.    State whether you have ever been convicted of a felony or misdemeanor involving moral turpitude, and for each, state the jurisdiction and date of each such conviction.

ANSWER:

17.    Describe any and all health problems, infirmities, limitations and/or disabilities that you suffered from which pre-existed the occurrence and which you contend contributed to this occurrence.

ANSWER:

18.    State each and every fact on which you rely to support your denial of any allegation contained in plaintiff's Complaint and to support any and all affirmative defenses set forth in your Answer, stating which facts relate to each asserted affirmative defense.

ANSWER:

19.   Identify all persons you intend to call as expert witnesses at trial, and state their qualifications, training and experience (in the alternative, please attach a current curriculum vitae); the subject matter on which each such expert witness is expected to testify; and the substance of the facts and opinions to which each such expert witness is expected to testify and a summary of the grounds for each opinion.

ANSWER:

                              MICHAEL B. PHILLIPS

                      BY: _____
                              R. Christopher Jones
                              VSB No. 48433
                              Bridget N. Long
                              VSB No. 42963
                              Allen, Allen, Allen & Allen
                              106 S. Market Street
                              Petersburg, VA  23803
                              (804) 733-8753
                              (804) 733-8767 (facsimile)
                              Christopher.Jones@allenandallen.com
                              Bridget.long@allenandallen.com

                              Attorneys for Plaintiff

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

MICHAEL B. PHILLIPS

PLAINTIFF,

v.                                          CASE NO. _____

TERRY L. DUNN
2047 S. Ridgeway Road
Wichita, KS 67218
Serve: Commissioner, Virginia Department of Motor Vehicles
        2300 West Broad Street
        Richmond, VA

COVAN WORLD-WIDE MOVING, INC.
Serve: Jeffrey F. Coleman, Registered Agent
        15381 Farm Creek Drive
        Woodbridge, VA  22194-4408                    DEFENDANTS.

## PLAINTIFF'S REQUESTS FOR PRODUCTION
## OF DOCUMENTS AND THINGS TO DEFENDANT DUNN

Plaintiff by counsel, pursuant to the Rule 4:9 of the Supreme Court of Virginia, propounds the following Requests for Production of Documents and Things to the defendant to have responses delivered to the offices of plaintiff's counsel within twenty-eight (28) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

a.      Each of these Requests is deemed to be continuing in nature.  In the event that at any later date or time you obtain any additional facts, obtain or make any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth

10

in the response to the Requests, in accordance with the request, plaintiff demands defendant to supplement the response to the Requests promptly and sufficiently to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e)(1)-(3) of the Rules of the Supreme Court of Virginia.

b.      The word "document or thing" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

c.      The words "identify" or "identity," when used in reference to a person, means that you are asked to state the person's full name, last known address and telephone number, last known job title and business affiliation, and job title and business affiliation at the time of the collision alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" means that you are asked to state the type of document, its date and author and its present location or custodian.  If any document being identified is no longer within your possession or under your control, please state what happened to it.

d.      The term "occurrence" means the incident and/or accident sued upon herein as described in plaintiff's Complaint.

e.      The pronoun "you" refers to the party to whom these Interrogatories are addressed including defendants which are entities, corporations, partnerships, sole proprietorships, associations and the like; the pronoun "you" further refers to agents, servants, and employees of the party defendants.

11

      f.     Where appropriate, the masculine gender may be substituted for the feminine gender or vice versa, and the singular may be substituted for the plural or vice versa.

## REQUESTS FOR PRODUCTION

1.     Any and all statements taken from any eyewitness to this occurrence.

RESPONSE:


2.     Any and all statements taken from any person (not an eyewitness) having any knowledge

of the events leading up to or concerning the occurrence and/or damages claimed by plaintiff.

RESPONSE:


3.     Any and all statements taken from you.

RESPONSE:


4.     Any and all statements taken from the plaintiff.

RESPONSE:


5.     Any pictures, imaging, or video, depicting the vehicles involved in this occurrence.

RESPONSE:


6.     Any pictures, imaging, or video depicting the plaintiff, defendant driver, or other

witnesses who were at the scene.

RESPONSE:


7.     Any pictures, imaging, or video depicting the scene involved in this occurrence.

RESPONSE:

8.      A copy of all insurance policies (including declaration sheets) providing coverage for this claim and referenced in answer to Interrogatory No. 2.

RESPONSE:


9.      All documents obtained by subpoena *duces tecum*, any other means of discovery, or by use of a Freedom of Information Act request.

RESPONSE:


10.     Any and all documents or things which you expect to introduce at trial.

RESPONSE:


11.     Any and all documents identified or relied upon in answers to Plaintiff's First Interrogatories.

RESPONSE:


12.     All documents or messages, whether electronic, paper, email, texting, or otherwise, created in the forty-eight (48) hours immediately after the occurrence, by and between you and any person and/or party relating to the facts, circumstances, or actual investigation of the occurrence.

RESPONSE:

13.    All company guidelines, rules, regulations, or manuals covering truck safety, maintenance, fleet safety programs, driver's standards, job performance, discipline, pick-up and delivery, or employee training provided to you by your employer before the date of the occurrence.

RESPONSE:


14.    All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to you by any source including, but not limited to, any trucking schools or employers, before the date of the occurrence.

RESPONSE:


15.    Copies of all motor vehicle or commercial operator's licenses issued to you, front and back.

RESPONSE:


16.    All laboratory reports containing the results of blood alcohol testing or toxicology testing performed on you in the seventy-two (72) hours following the collision, whether as a result of medical attention, at the request of law enforcement, at the request of your employer, or for any other reason.

RESPONSE:

MICHAEL B. PHILLIPS


BY: _____

R. Christopher Jones
VSB No. 48433
Bridget N. Long
VSB No. 42963
Allen, Allen, Allen & Allen
106 S. Market Street
Petersburg, VA  23803
(804) 733-8753
(804) 733-8767 (facsimile)
Christopher.Jones@allenandallen.com
Bridget.long@allenandallen.com

Attorneys for Plaintiff